UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEANNE TINKER-SMITH,<br><br>Defendant. | Case No. CR16-32RSL<br><br>ORDER GRANTING IN PART GOVERNMENT'S MOTION IN LIMINE |

This matter comes before the Court on the "Government's Motion In Limine Precluding Mistake of Law Defense." Dkt. # 15. Having reviewed the parties' briefing and the remainder of the record, the Court finds as follows. Defendant Jeanne Tinker-Smith is charged with one count of aiding and abetting a felon in possession of a firearm. Dkt. # 1. The government moves *in limine* to prevent Tinker-Smith from arguing at trial that she did not know it was unlawful for a felon to possess a firearm. Dkt. # 15-1. This motion covers two distinct issues: 1) preventing Tinker-Smith from testifying that she did not know that her son was not allowed to possess a firearm, and 2) preventing Tinker-Smith's counsel from arguing that Tinker-Smith did not know that as a convicted felon her son was not allowed to possess a firearm. For the reasons that follow, the Court will grant the motion as to the latter, but will allow Tinker-Smith to testify that she did not know her son was not allowed to possess a firearm.

In United States v. Sherbondy, the defendant was charged with being a felon in possession of a firearm. 865 F.2d 996, 998. He argued that the government was required to

ORDER GRANTING IN PART
GOVERNMENT'S MOTION IN LIMINE - 1

prove that he knew his possession of the gun was illegal. Id. at 999.  The Ninth Circuit disagreed, holding that knowledge of the law was not an element of the offense. Id. at 1003. This result is consistent with the general rule that knowledge of the law is not necessary for a criminal act to be done "knowingly."  See id. at 1002 ("In construing criminal statutes, including other provisions of section 922, we have often held that 'knowingly' does not include knowledge of the law."); see also United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1109 (E.D. Cal. 2008), aff'd sub nom. United States v. Montes, 421 F. App'x 670 (9th Cir. 2011) ("The general rule, deeply rooted in the American legal system is that ignorance of the law or a mistake of law is no defense to criminal prosecution." (internal quotation marks omitted)).  In United States v. Canon, the Ninth Circuit ruled that it was not necessary for the principal charged with being a felon in possession of a firearm to know that he was a felon.  993 F.2d 1439, 1442.  The court then reasoned that "[n]o greater knowledge requirement applies to" a defendant charged with aiding and abetting.  Id.[1]  Reading these precedents in conjunction, it is clear that 1) a principal cannot rely on a mistake of law defense to argue that he did not know it was illegal to possess a firearm, and 2) the knowledge requirement for an aider and abettor does not exceed the knowledge requirement for the principal.  Therefore, while Tinker-Smith may testify as to her knowledge or beliefs regarding whether her son could lawfully possess a gun, Tinker-Smith's counsel is precluded from arguing that Tinker-Smith did not know it was unlawful for a felon to possess a firearm or that the government must prove that she knew it was unlawful.

For the foregoing reasons, the government's motion *in limine* (Dkt. # 15) is GRANTED in part.

//

---

[1] While the Ninth Circuit has expressed doubts regarding Canon's conclusion that an aider and abettor need not know of the principal's status as a felon, it noted that "Canon is consistent with the general rule that the knowledge of an aider and abettor need be no greater than the knowledge of the principal" and that Canon remained the law in the Ninth Circuit.  United States v. Graves, 143 F.3d 1185, 1188 n.3 (9th Cir. 1998)

ORDER GRANTING IN PART
GOVERNMENT'S MOTION IN LIMINE - 2

1  DATED this 18th day of August, 2016.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
GOVERNMENT'S MOTION IN LIMINE - 3